**Deborah SHORTER, Plaintiff–Appellant,**

**v.**

**GILES COUNTY POLICE DEPART-MENT; Douglas Springer, Policeman with Giles County Police Department, Defendants–Appellees.**

No. 02–6337.

United States Court of Appeals, Sixth Circuit.

June 13, 2003.

* The Honorable William W. Schwarzer, United States District Judge for the Northern District

Before BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.*

*ORDER*

Deborah Shorter, proceeding pro se, appeals a district court order dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 24, 2001, Shorter filed a complaint against the Giles County Police Department and Douglas Springer, a police officer employed by the City of Pulaski, Tennessee ("City"). Shorter alleged that on August 27, 2001, she improperly parked her vehicle in a fire lane in front of the Dollar General Store. When Shorter returned to her vehicle, Springer ap-

of California, sitting by designation.

proached and issued her a citation for improper parking. Relying upon the Fourteenth Amendment, Shorter, an African–American female, alleged that she was denied equal protection because Springer selectively enforced the City's parking laws based upon the race of motorists. According to Shorter, other improperly parked motorists who "were all white in race" were not ticketed on August 27, 2001, for the same parking violation. Shorter sought equitable and monetary relief.

Since the "Giles County Police Department" does not exist and the Pulaski Police Department is not a legal entity subject to suit, the City properly responded to the allegations in Shorter's complaint. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994). Following discovery, the City and Springer filed a motion for summary judgment. Shorter did not respond to the defendants' motion. A magistrate judge filed a report in which he recommended granting the defendants' motion. Over Shorter's objections, the district court adopted and approved the magistrate judge's report and recommendation and dismissed the case. Shorter has filed a timely appeal.

We review de novo the district court's grant of summary judgment. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

In order to establish a violation of the Equal Protection Clause, a plaintiff must prove that she was purposefully discriminated against due to her membership in a protected class. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Henry v. Metro. Sewer Dist.*, 922 F.2d

332, 341 (6th Cir.1990). Specifically, a § 1983 equal protection claim based upon selective enforcement requires a plaintiff to demonstrate the following three elements:

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir.2000) (quoting *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991)).

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. Shorter failed to establish an equal protection claim based upon selective enforcement. First, Shorter presented no evidence that Springer singled her out because of her race. Second, Shorter presented no evidence that Springer ticketed her because of a discriminatory purpose. Third, Shorter presented no evidence that her receipt of the parking ticket at issue had a discriminatory effect on other members of the Pulaski population who are also African–American.

Furthermore, Shorter has neither alleged in her complaint nor presented any evidence in response to the defendants' motion for summary judgment that the City operated pursuant to an unconstitutional policy or custom requiring its police officers to violate the constitutional rights of its citizens. Governmental entities cannot be held responsible for a constitutional

deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir.2000).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.